UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JULIE ANNE STAMPS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-00746 |
| | ) | |
| v. | ) | District Judge Trauger |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER, DEFENSES AND JURY DEMAND

Defendant, The Lampo Group, LLC, by and through the undersigned counsel, files its Answer, Defenses and Jury Demand in response to the Complaint (Doc. #1) filed by Plaintiff, Julie Anne Stamps. Defendant denies the false narrative in the introductory unnumbered paragraph of the Complaint.

## Answer

1. Defendant admits that Plaintiff was a former employee of Defendant in its Franklin, Tennessee location. Defendant is without sufficient information to either admit or deny the remaining allegations of Paragraph 1.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Complaint.

5. Defendant denies the allegations of Paragraph 5 of the Complaint.

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued Plaintiff

a Notice of Right to Sue. Defendant is without sufficient information to either admit or deny whether Plaintiff filed this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue. Defendant denies all other allegations of Paragraph 7 of the Complaint that are inconsistent with the foregoing.

**Answer to Facts**

1. [1]Defendant admits that it is a private for-profit company that provides advice about personal finance. Defendant admits that it is not a church or affiliated with any specific church. Defendant denies that Dave Ramsey imposes a mandatory biblically based code of conduct on its employees, irrespective of the employees' personal and religious beliefs. Defendant is without sufficient information to either admit or deny the remaining allegations of Paragraph 1. Defendant specifically avers that the full quotation referred to in Plaintiff's Footnote 1 is as follows:

    > We have a moral code of conduct at our office. I fire people if they have extramarital affairs. The hilarious thing is I put that on Twitter and people go, "Won't you get sued for that?" Uh, no, you're allowed to discriminate against infidelity. I've got a right to tell my employees whatever I want to tell them. They freaking work for me. This is an employment-at-will state, which means if I decide I don't like people with green eyes, I don't have to hire you. I don't have to keep you anymore. There are no eye color discrimination laws, sorry. Now I would never do that. I'm not that arbitrary, and I'm not that mean or unkind. But listen, if your spouse can't trust you, what makes you think I can trust you? I'm forgiving. I forgive the person. You can forgive a dog that bites you, but don't stick your hand out again, stupid. You're going to get bit again. There's a difference between forgiveness and reconciliation. Some of my brothers and sisters in Christ aren't theologically deep enough to grasp that. Let me help you with that. There's a difference between forgiveness and reconciliation. Every time—and there's only a handful of times in 20 years I've had to let someone go because they couldn't seem to remember where their own bedroom was—I've done that, we've remained friends with the person.

---

[1] This Paragraph is erroneously numbered (1) in the Complaint instead of (8). To correspond with the numbering in the Complaint and avoid confusion, Defendant has numbered its Answer in the same manner as the Complaint.

> Personally, I'm good. I forgave them. I'm good with that. But they're not going to work here because I have to be able to trust people who work here. They could hypothetically regain my trust over time, but there's so many other places they can work and so many other people I can hire, so why go through that? This is not a church and not a cult. You can go to Heaven and not work here. This is not a Heaven ruling. It's a you-just-don't-get-to-work-here ruling. And yeah, you can do that and not get sued because it does affect your performance. Whether I can trust you or not is an element of whether you get to work here. It's kind of like stealing.

2. Defendant admits that there is a Q&A segment about a company code of conduct posted on RamseySolutions.com (*see* the full quotation in the Paragraph 1 immediately preceding this paragraph). The remaining allegations of Paragraph 2 inconsistent with the foregoing are denied.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that one of its core values is Righteous Living. Defendant denies the remaining allegations in Paragraph 8 inconsistent with the foregoing.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 10 of the Complaint.

11. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 11 of the Complaint.

12. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 12 of the Complaint.

13. Defendant is without sufficient information to either admit or deny the allegations in

Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff shared details of her personal life with Ms. Wilhoite. Defendant is without sufficient information to either admit or deny the remaining allegations in Paragraph 14 of the Complaint.
15. Defendant denies the allegation in Paragraph 15 of the Complaint.
16. Defendant denies the allegations in Paragraph 16 of the Complaint.
17. Defendant is without sufficient information to either admit or deny when or whether Plaintiff came out to her family as a homosexual woman or what Plaintiff feared. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.
18. Defendant denies the allegations in Paragraph 18 of the Complaint.
19. Defendant denies the allegations in Paragraph 19 of the Complaint.
20. Defendant is without sufficient information to either admit or deny whether Plaintiff was confused. Defendant denies the allegations in Paragraph 20 of the Complaint.
21. Defendant denies the allegations in Paragraph 21 of the Complaint.
22. Defendant is without sufficient information to either admit or deny what Plaintiff believed. Defendant denies remaining the allegations of Paragraph 22 of the Complaint.
23. Defendant denies the allegations in Paragraph 23 of the Complaint as it reasonably interprets them
24. Defendant denies the allegations in Paragraph 24 of the Complaint.
25. Defendant denies the allegations in Paragraph 25 of the Complaint.
26. Defendant is without sufficient information to either admit or deny what Plaintiff believes. Defendant denies the remaining allegations of Paragraph 26 of the

Complaint.

27. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant restates and incorporates the foregoing paragraphs of its Answer.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant restates and incorporates its answers to the above paragraphs in their entirety.

38. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant is without sufficient information to either admit or deny Plaintiff's religious practices. Defendant denies the remaining allegations of Paragraph 43 of the

5

Case 3:21-cv-00746   Document 11   Filed 11/29/21   Page 5 of 7 PageID #: 35

Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint and avers that no accommodation was requested or needed.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. All other allegations, including the prayer for relief, that have not been either admitted or denied are now denied as set forth fully herein.

## Defenses

1. Plaintiff fails to state a claim, in whole or in part, for which relief may be granted.

2. Plaintiff is not the real party in interest in this matter.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

4. Upon information and belief, Plaintiff has failed to mitigate her damages.

## Jury Demand

Defendant demands a jury trial of the claims in Plaintiff's Complaint.

Respectfully submitted,

/s/Leslie Sanders
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com

dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that, on November 29, 2021, I filed *Defendant's Answer, Defenses and Jury Demand* via the Court's electronic filing system, which will automatically notify and send a copy of that filing to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC

*Attorneys for Plaintiff*

/s/Leslie Sanders
Leslie Sanders (TN #18973)
*Attorney for Defendant*