IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIE ANNE STAMPS, | |
| Plaintiff, | Case No. 3:21-cv-00746 |
| v. | Judge Trauger |
| THE LAMPO GROUP, LLC, | JURY DEMAND |
| Defendant. | |

## [PROPOSED] INITIAL CASE MANAGEMENT ORDER

Plaintiff Julie Anne Stamps ("Ms. Stamps") and Defendant The Lampo Group, LLC, d/b/a Ramsey Solutions ("Lampo" or "Ramsey Solutions") hereby submit their Joint Proposed Initial Case Management Order in advance of the Initial Case Management Conference set for December 6, 2021, at 2:00 p.m., and state as follows:

**A. JURISDICTION**: This court has jurisdiction over the subject matter of this action, and venue in this Court is proper under 28 U.S.C. § 1391.

**B. BRIEF THEORIES OF THE PARTIES**:

    **(1) PLAINTIFF:**

Defendant The Lampo Group, Inc., a/k/a Ramsey Solutions ("Lampo" or "Ramsey Solutions") is illegally imposing fundamentalist Christian beliefs on its employees. When an employee does not conform to Lampo's rigid religious views, they are shunned, ostracized, and eventually terminated or constructively discharged. Plaintiff, Julie Anne Stamps, worked without issue or complaint for Lampo as a customer care team assistant for close to a year. This abruptly changed when Ms. Stamps decided to share her true self

and openly live as a lesbian woman as a Lampo employee. Defendant Lampo denied Ms. Stamps the ability to be an open and active participant in the company once she revealed her homosexual identity due to their fundamentalist religious belief not recognizing homosexuality. Thus, leaving Ms. Stamps no option but to resign her position. Lampo's actions are discriminatory on the basis of religion and sex, specifically, sexual orientation. Accordingly, Ms. Stamps filed claims for discrimination and retaliation based on sex and religion in violation of Title VII of the Civil Rights Act of 1964.

**(2) DEFENDANT:**

Ramsey Solutions is a private, closely held company that specializes in creating and delivering education programs for individuals and organizations. It is best known for providing biblically based financial counseling programs that help individuals get out of debt, manage their money well and achieve financial success.

Ramsey Solutions does not discriminate against employees on the basis of their sexual orientation. It did not discriminate against Plaintiff on the basis of her sexual orientation or any other protected reason. Instead, Plaintiff voluntarily quit her employment on June 4, 2020 to start a new job on June 18, 2020. Her last day of work was June 11, 2020.

Plaintiff had a close relationship with her supervisor, Melissa Wilhoite. Plaintiff sought counsel from her supervisor regarding her personal life and issues with her marriage. Plaintiff asked Ms. Wilhoite for prayer and Ms. Wilhoite assured her she would pray for her. When Plaintiff informed her supervisor that she had decided to live a gay lifestyle, her supervisor informed her that nothing would change about her employment at Ramsey Solutions. Plaintiff was still married to a man at the time she made this statement

to her supervisor though she indicated she was getting divorced. Plaintiff asked her supervisor if she could bring a same-sex date to a company function. Her supervisor knew that if Plaintiff was still married and engaged in an extramarital affair (whether heterosexual or homosexual), it would be a violation of the company's Core Values so she informed Plaintiff that she probably could not do that. Ms. Wilhoite had never been asked this question before. Plaintiff did not discuss this issue with Human Resources or any other manager at Ramsey Solutions either before or after she quit her job.

C. **ISSUES RESOLVED**: Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE**: Liability and damages.

E. **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **February 28, 2022.**

F. **DISCOVERY**: The parties shall complete all written discovery and depose all fact witnesses on or before **November 23, 2022.** Discovery is not stayed during dispositive or other motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger. All motions related to fact discovery shall be filed by no later than **December 7, 2022**.

G. **MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or add parties must be filed no later than **May 6, 2022** and must comply with Local Rules 7.01 and 15.01. Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel

for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed.

H. **DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **July 3, 2022**. The defendants shall identify and disclose all expert witnesses and reports on or before **August 15, 2022**. No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

I. **DEPOSITIONS OF EXPERT WITNESSES:** All expert depositions shall be completed by the close of discovery deadline outlined in Paragraph (F), with the exception of an economic expert. If an economic expert is designated, the Parties shall have until 60 days before trial to depose that expert.

J. **JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before **November 30, 2022**. The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

K. **DISPOSITIVE MOTIONS:** Dispositive motions shall be filed no later than **March 6, 2023.** Responses to dispositive motions shall be filed within twenty-eight (28) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed 25 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary

judgment motion in terms of overall economy of time and expense for the parties, counsel and the court. In all other respects, the provisions of Local Rule 56.01 shall govern.

L. **ELECTRONIC DISCOVERY:** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174-1 need not apply to this case. The parties will enter into a separate ESI agreement to the extent one is required.

M. **ESTIMATED TRIAL TIME:** The jury trial of this action is expected to last approximately 4 days. A trial date no earlier than **August 7, 2023,** is respectfully requested. It is so ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE


APPROVED FOR ENTRY,

*/s/ Heather Moore Collins*
Heather Moore Collins, BPR # 026099
Ashley S. Walter, BPR #037651
Collins & Hunter, PLLC
7000 Executive Center Drive
Suite 320
Brentwood, TN 37027
Phone: 615-724-1996
Fax: 615-691-7019
heather@collinshunter.com
ashley@collinshunter.com

*Counsel for Plaintiff*


*/s/ Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC

611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 1, 2021, a true and correct copy of the foregoing has been served via the U.S. District Court Electronic Filing System to:

Leslie Sanders
Daniel Crowell
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com
*Attorneys for Defendant*

/s Heather Moore Collins
Heather Moore Collins