EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JULIE ANNE STAMPS | ) | Case No. 21-02597-CW3-13 |
| | ) | Chapter 13 |
| Debtor. | ) | Judge Walker |

THE DEADLINE FOR FILING A TIMELY RESPONSE IS: 3/18/22
IF A RESPONSE IS TIMELY FILED THE HEARING DATE WILL BE: 3/30/22 at 8:30 am Customs House, Courtroom 1, 701 Broadway, 2nd Fl, Nashville, TN, 37203

## NOTICE OF TRUSTEE'S MOTION TO APPROVE SETTLEMENT

Henry E. Hildebrand, III, Chapter 13 Trustee, has asked the court for the following relief: Approve settlement

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before the response date stated above, you or your attorney must:

1. File with the court your response or objection explaining your position. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at: <https://ecf.tnmb.uscourts.gov>.

   If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736 5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2. Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

/s/ James M. Davis
James M. Davis
Counsel to the Chapter 13 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JULIE ANNE STAMPS | ) | Case No. 21-02597-CW3-13 |
| | ) | Chapter 13 |
| Debtor. | ) | Judge Walker |

## MOTION TO APPROVE SETTLEMENT

Henry E. Hildebrand, III, Chapter 13 Trustee, by and through counsel, respectfully requests that the Court approve the settlement of the estate's claims against The Lampo Group, LLC, on the terms stated in the attached settlement agreement. A copy of the complete settlement agreement is being filed electronically but not included with this notice. It is available on the Court's docket or from the Trustee on request.

The Debtor has asserted claims of employment discrimination and/or retaliation under federal and state laws against The Lampo Group and filed a lawsuit seeking monetary damages in the U.S. District Court, Middle District of Tennessee styled Julie Anne Stamps v. The Lampo Group, LLC Case No. 3:21-cv-00746.

The proposed settlement would require The Lampo Group to remit settlement funds in the amount of $76,900 to the Trustee. Because the proposed resolution would allow for the payment in full of all allowed claims of the estate, the Trustee submits that the proposed settlement is in the best interest of the estate.

Upon receipt of the Settlement Funds, the Trustee would release, on behalf of the estate, all claims against The Lampo Group, including its subsidiaries and affiliates, and their respective officers, directors, employees and owners, and would voluntarily dismiss the lawsuit with prejudice. Such cause of action constitutes property of the estate pursuant to 11 U.S.C. §§ 501 and 1306. This cause of action has been committed to the plan pursuant to the order confirming the plan and the Trustee has been authorized to pursue or settle the action. The settlement is in compliance with that plan provision.

WHEREFORE, the premises considered, the Trustee requests that the Court approve the proposed settlement and enter the proposed order attached to this motion.

Respectfully submitted,

/s/ James M. Davis
James M. Davis
Counsel to the Chapter 13 Trustee
P. O. Box 340019
Nashville, TN 37203-0019
615-244-1101; Fax 615-242-3241
www.ch13nsh.com
pleadings@ch13nsh.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
)
JULIE ANNE STAMPS ) Case No. 21-02597-CW3-13
) Chapter 13
Debtor. ) Judge Walker

**PROPOSED**

ORDER APPROVING SETTLEMENT OF CLAIM AGAINST THE LAMPO GROUP

It appearing to the Court, based on the electronic signature of counsel below, that the Trustee has filed a notice and motion seeking approval of a settlement with The Lampo Group, LLC, and that the Trustee has received no objection to the motion, it is, therefore,

ORDERED, the Trustee is authorized to settle the estate's claims against The Lampo Group, LLC, on the terms in the settlement agreement attached to the Trustee's motion; it is further

ORDERED, the settlement will fully resolve any claims the Debtor has against The Lampo Group, LLC; it is further

ORDERED, the Court shall retain jurisdiction to resolve any disputes arising out of the Settlement Agreement.

THIS ORDER WAS SIGNED AND ENTERED
ELECTRONICALLY AS INDICATED AT THE
TOP OF THE FIRST PAGE.

ORDER APPROVED FOR ENTRY BY:

/s/ James M. Davis
James M. Davis
Counsel to the Chapter 13 Trustee
P. O. Box 340019
Nashville, TN 37203-0019
615-244-1101; Fax 615-242-3241
www.ch13nsh.com
pleadings@ch13nsh.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 25, 2022, true and correct copies of the attached notice, motion, and proposed order (but not the Settlement Agreement) were served in the following manner:

**By U. S. Postal Service, postage prepaid to:**

Julie Anne Stamps 2620 New Salem Hwy Apt R306 Murfreesboro, TN 37128

Flexer Law PLLC, 1900 Church Street Suite 400 Nashville, TN 37203-7203

The Lampo Group, c/o Leslie Sanders, Webb Sanders, PLLC, CitySpace, 611 Commerce Street, Suite 3102, Nashville, TN 37203

Collins & Hunter, c/o Heather Collins 7000 Executive Center Dr, Ste 320, Brentwood, TN 37027

U.S. Trustee, 318 Customs House, 701 Broadway, Nashville, TN 37203

AT&T P O Box 5014 Carol Stream, IL 60197

Capital One Bank USA NA by American Infosource as Agent 4515 N Santa Fe Ave Oklahoma City, OK 73118

Capital One Bank USA NA by American Infosource as Agent P O Box 71083 Charlotte, NC 28272

Capital One P O Box 30285 Salt Lake City, UT 84130

Comenity Bank Victoria Secret Attn Bankruptcy P O Box 182125 Columbus, OH 43218

Credit Ninja 27 N Wacker Dr Ste 404 Chicago, IL 60606

Credit One Bank P O Box 98873 Las Vegas, NV 89193

Dept of Education Nelnet P O Box 82561 Lincoln, NE 68501

Jefferson Capital Systems LLC P O Box 772813 Chicago, IL 60677

Jefferson Capital Systems LLC P O Box 7999 Saint Cloud, MN 56302

Kohls Capital One P O Box 3043 Milwaukee, WI 53201

Kohls Peritus Portfolio Services II P O Box 141509 Irving, TX 75014

Labcorp P O Box 2240 Burlington, NC 27216

LVNV Funding LLC Resurgent Capital Services P O Box 10587 Greenville, SC 29603

Minto Money P O Box 58112 Minto, AK 99758

Money Key 3422 Old Capital Trail Ste 1613 Wilmington, DE 19808

Murfreesboro Medical Clinic 1004 N Highland Ave Murfreesboro, TN 37130

Patricia Stamps 2086 B Memorial Dr Clarksville, TN 3704

Progressive Caine and Weiner 5805 Sepulveda Blvd Sherman Oaks, CA 91411

Quantum3 Group LLC as Agent for Comenity Bank P O Box 2489 Kirkland, WA 98083

Quantum3 Group LLC as Agent for Comenity Bank P O Box 788 Kirkland, WA 98083

Scolopax LLC Weinstein and Riley PS 2001 Western Ave Ste 400 Seattle, WA 98121

Scolopax LLC Weinstein and Riley PS P O Box 3978 Seattle, WA 98124

Speedy Cash 8400 E 32nd St N Wichita, KS 67226

Speedy Rapid Cash P O Box 780408 Wichita, KS 67278

Synchrony Bank PRA Receivables Mgmt P O Box 41021 Norfolk, VA 23541

Synchrony Paypal Credit P O Box 965060 Orlando, FL 32896

US Department of Education Nelnet 121 S 13th St Ste 201 Lincoln, NE 68508

US Department of Education Nelnet P O Box 2837 Portland, OR 97208

USAA Federal Savings Bank 10750 McDermott Freeway San Antonio, TX 78288-0509

Verizon Wireless Jefferson Capital Systems 16 McClelland Rd Saint Cloud, MN 56303

    Respectfully submitted,

    /s/ James M. Davis
    James M. Davis
    Counsel to the Chapter 13 Trustee

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and among The Lampo Group, LLC d/b/a/ Ramsey Solutions ("Lampo") and Henry E. Hildebrand, III ("Trustee"), Trustee of the Chapter 13 bankruptcy case filed by Julie Anne Stamps ("Debtor"). Lampo and the Trustee may be referred to throughout this Agreement individually as a "Party" or collectively as the "Parties."

## RECITALS

a. The Debtor is the debtor in bankruptcy case number 21-02597-CW3-13 ("Bankruptcy Case"), filed under Chapter 13 of title 11 of the United States Code and pending in the United States Bankruptcy Court for the Middle District of Tennessee ("Bankruptcy Court").

b. The Trustee was appointed Chapter 13 Trustee under 28 U.S.C. § 586(b).

c. Lampo is a closely held private limited liability company organized under the laws of the State of Tennessee.

d. The Debtor has asserted claims of employment discrimination and/or retaliation under federal and state laws against Lampo and filed a lawsuit seeking monetary damages in the U.S. District Court, Middle District of Tennessee styled *Julie Anne Stamps v. The Lampo Group, LLC* Case No. 3:21-cv-00746 ("Claims").

e. As a result of the filing of the Chapter 13 voluntary petition, the Claims constitute property of the estate under 11 USC § 541. The cause of action, as property of the estate, has not revested in the debtor.

f. The Parties have agreed to settle the Claims subject to the terms and conditions set out herein.

NOW, THEREFORE, for and in consideration of the promises and of the mutual covenants set forth herein, the adequacy of which is acknowledged by the Parties, it is hereby agreed as follows:

## AGREEMENT

1. The recitals are incorporated herein as material terms of this Agreement.

2. The Parties acknowledge that this Agreement shall not become enforceable or effective unless and until the Bankruptcy Court approves the Agreement in a final order.

3. Lampo shall remit to the Trustee settlement funds in the amount of $76,900 ("Settlement Funds") by May 1, 2022.

4. Upon receipt of the Settlement Funds, the Trustee shall release, on behalf of the estate, all Claims against Lampo, including its subsidiaries and affiliates, and their respective officers, directors, employees and owners, and shall voluntarily dismiss the Claims with prejudice.

5. The Agreement shall be binding on the Parties and their respective successors, assigns and transferees. No other person or entity is an intended third-party beneficiary of the Agreement, except for persons and entities associated with the Parties to this Agreement.

6. This Agreement may be signed in several counterparts, but all when taken together shall constitute but a single document when executed by all Parties. This Agreement shall not constitute the agreement of the Parties until the Bankruptcy Court enters an order approving this Agreement.

7. The Parties knowingly and voluntarily execute this Agreement. The Parties have read and thoroughly reviewed this entire Agreement and fully understand it. Each Party hereto warrants to each other Party that such Party has full power and authority to execute and deliver this Agreement.

8. If any one or more sections of this Agreement is found to be invalid, illegal, or unenforceable in any respect, the validity, legality, and enforceability of the remaining sections contained herein shall not in any way be affected or impaired thereby. In addition, if any section is found to be partially enforceable, then it shall be enforced to that extent. A court of competent jurisdiction shall have the authority to revise the language to the extent necessary to make any such section or covenant of this Agreement enforceable to the fullest extent permitted by law.

9. Each Party acknowledges and agrees that no representations or promises have been made to or relied upon by any of them or by any person acting for or on their behalf in connection with the subject matter of this Agreement that are not specifically set forth herein. All representations and promises made by any Party to another, whether in writing or orally, are understood by the Parties to be merged in this Agreement and have no force or effect other than expressed in the body of this Agreement.

10. This Agreement and all documents and instruments executed in connection herewith or in furtherance hereof, may not be amended, modified or supplemented except by an instrument in writing signed by the Parties.

11. Except as otherwise provided above, the Parties shall bear their own costs, expenses, and attorneys' fees relating to this matter.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes arising out of this Agreement.

**[SEPARATE SIGNATURE PAGES TO FOLLOW]**

**CHAPTER 13 TRUSTEE:**

Date: _____

**THE LAMPO GROUP, LLC:**

By: _____
Title: _____
Date: _____